IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Eric Alan Sanders, ) | C/A No. 1:14-3509-JMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Wal-Mart Supercenter of Aiken, SC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Eric Alan Sanders, a self-represented litigant, filed this civil action alleging violations of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on multiple discovery motions. (ECF Nos. 41, 42, & 43). Additionally, the defendant filed a motion to stay or amend the Scheduling Order. (ECF No. 48.)

In his first motion, Sanders appears to request subpoenas *duces tecum* to obtain documents from approximately thirty non-parties. (ECF No. 41.) The court must limit a plaintiff's discovery requests if the documents sought from the non-party are "cumulative or duplicative, or can be obtainable from some other source that is more convenient, less burdensome, or less expensive." See Fed. R. Civ. P. 26(b)(2)(C); see also Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) ("The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*."). In its response to Sanders's motion, the defendant argues that the proposed subpoenas are unnecessary, as any documents relating to Sanders's employment would be available from the defendant. (See ECF No. 44.) The defendant also notes that Sanders has not directed any written discovery requests to it. (Id.

*PJG*

at 1 n.1.) Accordingly, as it appears that the discovery Sanders seeks is available from a source that is more convenient and less burdensome, his motion for subpoenas *duces tecum* is denied.

Sanders also appears to seek protection from having to respond to the defendant's discovery requests. (ECF No. 42.) The defendant seeks to compel Sanders to respond to these requests. (ECF No. 43.) As Sanders has not shown good cause to warrant the issuance of a protective order,[1] Sanders's motion is denied and the defendant's motion is granted. Sanders is hereby directed to fully respond to the defendant's discovery requests on or before **May 15, 2015**. Failure to comply may result in sanctions, including but not limited to dismissal of the Complaint pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure.

In light of the additional time granted to Sanders to respond to the defendant's discovery requests, the defendant's motion to amend (ECF No. 48) is granted in part and the remaining deadlines established by the court's Scheduling Order (ECF No. 37) are hereby amended as follows:[2]

5. Discovery shall be completed no later than **June 8, 2015**. All discovery requests, including subpoenas *duces tecum*, shall be served in time for the responses thereto to be served by this date. *De bene esse* depositions must be completed by discovery deadline. No motions relating to discovery shall be filed until parties have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02 DSC.

6. All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12 and those relating to the admissibility of evidence at trial, shall be filed on or before **June 22, 2015**. (Fed. R. Civ. P. 16(b)(2)).

---

[1] Sanders's argument that he can not afford the cost of copying the requested documents is belied by the defendant's response in opposition in which they offer to bear the expense of copying the documents. Moreover, Sanders's request for a "reasonable accommodation" for his unspecified disability is acknowledged by the generous extension of time that the court grants Sanders to comply with the defendant's discovery requests.

[2] Defendant requests a ninety-day extension of the remaining deadlines in the Scheduling Order; however, the court finds sixty days to be sufficient at this time.



7. Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed in this case on or before **July 22, 2015**. See form setting forth mediation requirements. At least **thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel. If the parties enter mediation, they are directed to complete the attached form and return it to the Court by no later than **July 1, 2015**.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 8, 2015
Columbia, South Carolina