**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Eric Alan Sanders,                 ) | Civil Action No. 1:14-cv-03509-JMC |
| ) | |
| Plaintiff,    ) | |
| v.                        ) | |
| ) | **ORDER AND OPINION** |
| Wal-Mart Stores East, LP,    ) | |
| ) | |
| Defendant.    ) | |
| _____ ) | |

Plaintiff Eric Alan Sanders ("Sanders" or "Plaintiff") filed this action pro se against his former employer, Defendant Wal-Mart Stores East, LP ("Wal-Mart" or "Defendant"), alleging that he was subjected to discrimination because of his disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213.  (ECF No. 1.)

This matter is before the court pursuant to Plaintiff's "Motion for Reconsideration in Accordance with F. R. Civ. P. 59(e) 54(b); Motion to Allow Page Count Joined" seeking reconsideration of the Order entered on March 24, 2016 (the "March Order").  (ECF No. 134.) In the March Order (ECF No. 128), the court among other things granted Defendant's Motion for Summary Judgment as to Plaintiff's claims for hostile work environment, discriminatory discharge on account of his disability, and discriminatory failure to promote based on sex.[1] (ECF No. 128 at 23.)  In his Motion, Plaintiff requests reconsideration of the March Order to correct clear errors of law and prevent manifest injustice.  (E.g., ECF No. 134 at 4, 10.)  In response, Defendant asserts that Plaintiff's Motion should be denied because his challenges to the March Order are meritless.  (ECF No. 141 at 4.)  For the reasons stated below, the court **DENIES** Plaintiff's Motion for Reconsideration.

---

[1] The March Order contains a thorough recitation of the relevant factual and procedural background of the matter and is incorporated herein by reference.  (See ECF No. 128 at 2–8.)

## I.    JURISDICTION

Before he filed his Motion for Reconsideration, Plaintiff filed a Notice appealing the March Order to the Court of Appeals for the Fourth Circuit.  (ECF No. 135.)  In this matter, Plaintiff's appeal did not divest the court of jurisdiction because the court maintains jurisdiction to consider matters in aid of the appeal.  See Fobian v. Storage Tech. Corp., 164 F.3d 887, 890–91 (4th Cir. 1999) (holding that a district court is authorized, under the "in aid of appeal" exception, to entertain a motion after a party appeals the district court's judgment).

## II.    LEGAL STANDARD AND ANALYSIS

A.    Applicable Standard

   1.  Standard for Reconsideration under Rule 59(e)

Rule 59[2] allows a party to seek an alteration or amendment of a previous order of the court.  Fed. R. Civ. P. 59(e).  Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994).  It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e).  Loren Data Corp. v. GXS, Inc., 501 F. App'x 275, 285 (4th Cir. 2012).  The decision whether to reconsider an order pursuant to Rule 59(e) is within the sound discretion of the district court.  Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995).  A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." Lyles v. Reynolds, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008)).

---

[2] The court observes that "Rule" refers to the Federal Rules of Civil Procedure.

2. *Standard for Reconsideration under Rule 54(b)*

Rule 54(b) provides the following:

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Id.  Under Rule 54(b), the "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted."  Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003); see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge").  The Fourth Circuit has offered little guidance on the standard for evaluating a Rule 54(b) motion, but has held motions under Rule 54(b) are "not subject to the strict standards applicable to motions for reconsideration of a final judgment."  Am. Canoe Ass'n, 326 F.3d at 514; see also Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1472 (4th Cir. 1991) (the Court found it "unnecessary to thoroughly express our views on the interplay of Rules 60, 59, and Rule 54").  In this regard, district courts in the Fourth Circuit, in analyzing the merits of a Rule 54 motion, look to the standards of motions under Rule 59 for guidance.  See U.S. Home Corp. v. Settlers Crossing, LLC, C/A No. DKC 08-1863, 2012 WL 5193835, at *2 (D. Md. Oct. 18, 2012); R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co., C/A No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006); Akeva L.L.C. v. Adidas Am., Inc., 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005).  Therefore, reconsideration under Rule 54 is appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence;

3

or (3) to correct a clear error of law or prevent manifest injustice.  Beyond Sys., Inc. v. Kraft Foods, Inc., C/A No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010) ("This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing an[] interlocutory order.") (citing Am. Canoe Ass'n, 326 F.3d at 514).

B.     The Parties' Arguments

In his fifty-eight page[3] Motion for Reconsideration of the March Order, Plaintiff alleges substantial error by the court.[4]   More specifically, Plaintiff asserts that the court and the Magistrate Judge committed clear error in their factual summations, which Plaintiff argues were presented in the light most favorable to Defendant.  (ECF No. 134 at 4–8, 36, 42–50 & 56.) Plaintiff next asserts that the court committed clear error of law by the way it construed several of his pro se filings.[5]  (Id. at 9–11.)  In this regard, Plaintiff argues that his Motions to Vacate (ECF Nos. 95, 98, 99 & 100) should have been considered as part of his opposition to Defendant's Motion for Summary Judgment.  (ECF No. 134 at 10.)  Plaintiff further asserts that the court committed clear error by not conducting a de novo review of all of his Objections to the Report and Recommendation.  (Id. at 12, 14.)

---

[3] The court observes that Plaintiff requested permission "to allow the additional pages due to his OCD" in his Motion.  (ECF No. 134 at 1.)  Although Plaintiff did not seek an exception in accordance with Local Civil Rule 7.05(B) (D.S.C.) prior to filing his document containing excessive pages, the court **GRANTS** Plaintiff's request and considered Plaintiff's entire submission.

[4] The court observes that even though Plaintiff seeks reconsideration of the March Order, he spends a significant portion of his filing criticizing decisions by the Magistrate Judge.  (ECF No. 134 at 4, 11, 16–17, 20–22 & 54.)  These complaints are deemed to be untimely objections to the Report and Recommendation.

[5] The court observes that as part of this assertion of error, Plaintiff argues that the court should not have construed his Objections as untimely.  (ECF No. 134 at 9.)  The court agrees with Plaintiff that the court had extended the deadline to file objections.  (ECF No. 94.)  However, Plaintiff did not suffer any actual prejudice since the court considered the entirety of Plaintiff's objections despite their alleged untimeliness.  (See ECF No. 128 at 8 n.8.)

As to assertions of manifest injustice, Plaintiff argues that the court failed to construe his filings appropriately. (<u>Id.</u> at 11.) Plaintiff also argues the existence of manifest injustice in the court's failure to appoint him counsel and its denial of his Motion for Judgment Alleging the Crime of Barratry. (<u>Id.</u> at 20–21, 23, 25 & 28.)

As a result of the foregoing, Plaintiff asserts that the court is biased against him requiring recusal of the judges assigned to the case and vacation of the March Order. (<u>Id.</u> at 11, 24, 25 & 57.) Moreover, Plaintiff demands that the court reject the credibility determinations made in the March Order and submit his claims to a jury. (<u>Id.</u> at 33.)

Defendant opposes Plaintiff's Motion for Reconsideration asserting that Plaintiff "failed to present evidence that any ruling by the Court was in error or would constitute manifest injustice[.]" (ECF No. 41 at 6.)

C.     <u>The Court's Review</u>

In his Motion for Reconsideration, Plaintiff's assertions do not reference either an intervening change in controlling law or new evidence previously unavailable. Instead, Plaintiff seeks reconsideration on the basis that it would be an error of law or manifest injustice if his case was not submitted to a jury for resolution. Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." <u>United States v. Harvey</u>, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); <u>see also</u> <u>United States v. Martinez–Melgar</u>, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); <u>Miller v. Mercy Hosp., Inc.</u>, 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly erroneous if "the finding is against the great preponderance of the evidence") (internal quotation marks omitted).

Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." Campero USA Corp. v. ADS Foodservice, LLC, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

In the March Order (ECF No. 128), the court cited to evidence in the record and provided reasoning to support its decision to grant Defendant's Motion for Summary Judgment. After considering the entirety of Plaintiff complaints, objections, statements of error and/or manifest injustice, the court finds that reconsideration of the March Order is not appropriate. The denial of reconsideration is appropriate on one hand because the court had already considered and rejected many of Plaintiff's arguments that were the same or similar to arguments previously presented. E.g., U.S. Home Corp. v. Settlers Crossing, LLC, C/A No. DKC 08–1863, 2012 WL 5193835, at *3 (D. Md. Oct. 18, 2012) ("A motion for reconsideration under Rule 54(b) may not be used merely to reiterate arguments previously rejected by the court."); Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted."). On the other hand, the court denies reconsideration because it did not find persuasive Plaintiff's new attributions of bias and prejudice that included references to the Magistrate Judge's husband and the court's former law clerks. (See ECF No. 134 at 11& 57 n.34.) As a result, the court concludes that its entry of the March Order did not result in the commission of either clear error or manifest injustice. Accordingly, the court denies Plaintiff's Motion for Reconsideration.

### III.    CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's Motion for Reconsideration of the Order entered on March 24, 2016.  (ECF No. 134.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 17, 2016
Columbia, South Carolina