IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Eric Alan Sanders, | ) | Civil Action No. 1:14-cv-03509-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Wal-Mart Stores East, LP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The matter before the court is a review of Plaintiff Eric Alan Sanders' Motion to Amend pursuant to Fed. R. Civ. P. 60(b)(5), (b)(6) and Motion for Recusal, filed on September 20, 2019. (ECF No. 186.) Plaintiff claims that the court "sets out no ruling on Plaintiff's race-based disparate treatment [and] failure-to-promote claims under Title VII." (*Id.* at 3.) Defendant Wal-Mart Stores East, LP, contends that Rule 60(b)(5) and Rule 60(b)(6) are inapplicable. (ECF No. 187 at 1.)

As a background, on March 24, 2016, the court issued an Order officially closing this action. (ECF Nos. 128, 129.) Following the court's Order:

> Plaintiff filed multiple appeals with the [] Fourth Circuit as well as a Petition for Certiorari with the United States Supreme Court. The Supreme Court denied the Plaintiff's Petition for Certiorari on January 8, 2018. On December 18, 2018, the Fourth Circuit issued a Judgment in this case which formally took effect via a Mandate issued by Fourth Circuit on January 11, 2019.

(ECF No. 187 (citing ECF Nos. 185, 185-1).)

Under Rule 60 of the Federal Rules of Civil Procedure, "the court may relieve a party . . . from a final judgment, order, or proceeding [when] the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . . or any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (b)(6). The United States Court of Appeals for the Fourth Circuit has held that "a change

1

in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993, F.2d 46, 48 (4th Cir. 1993) (citing *Hall v. Warden, Md. Penitentiary*, 364 F.2d 495, 496 (4th Cir. 1966) (en banc)).

Here, Plaintiff asserts that this court has jurisdiction over his claims, pointing to a recent United States Supreme Court ruling: "We hold that Title VII's charge-filing instruction is not jurisdictional, a term generally reserved to describe the classes of cases a court may entertain (subject-matter jurisdiction) or the persons over whom a court may exercise adjudicatory authority (personal jurisdiction)." *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1846 (2019) (internal citation omitted), *abrogating Jones v. Calvert Group, Ltd.*, 551 F. 3d 297 (4th Cir. 2009).

The court finds that the claim Plaintiff's Motion is unrelated to the ruling and therefore fails to provide any legal basis for the court to reconsider this case. The court did not rule on Plaintiff's alleged hostile work environment claim; the basis for dismissal was Plaintiff's failure to participate in discovery. (*See* ECF No. 98 at 3–4 ("[T]he court dismisses Plaintiff's Complaint because of his persistent noncompliance, and because monetary sanctions would have little deterrent effect on Plaintiff.").) Consequently, the court **DENIES** Plaintiff Eric Alan Sanders' Motion to Amend (ECF No. 186). Plaintiff's Motion for Recusal is **MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 27, 2020
Columbia, South Carolina